UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-97-0066-WFN-1 |
| Respondent, ) | |
| ) | |
| -vs- ) | ORDER |
| ) | |
| BRIAN E. RATIGAN, ) | |
| ) | |
| Movant. ) | |
| ) | |

Before the Court are Movant Brian Ratigan's: (1) Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed August 14, 2006 (Ct. Rec. 248), supported by a Memorandum filed September 8, 2006 (Ct. Rec. 253); and (2) Motion for Appointment of Counsel, filed September 8, 2006 (Ct. Rec. 252).

The Court has reviewed the file and the briefing and is fully informed. The Court finds that it is without authority to address the § 2255 Motion and transfers it to the Ninth Circuit Court of Appeals.

**BACKGROUND**

Movant was indicted on April 9, 1997 for: Count 1-Conspiracy (18 U.S.C. § 371); Count 2-Destruction of a Planned Parenthood Clinic (18 U.S.C. § 844(i); Count 7-Use and Carrying of a Firearm (Pipe Bomb) in Relation to the Destruction of the Planned Parenthood Clinic on July 12, 1996 (18 U.S.C. § 924(c)(1)); Count 8-Armed Bank Robbery of the US Bank on July 12, 1996 (18 U.S.C. § 2113(a) and (d)); and Count 9-Use and Carrying of a Firearm in Relation to the Bank Robbery (18 U.S.C. § 924(c)(1)) (Ct. Rec. 14).

ORDER - 1

A jury trial was held September 19, 1997 through September 30, 1997. The jury found the Movant guilty on all counts (Ct. Rec. 135). Movant was sentenced by this Court on December 2, 1997, to 663 months incarceration; five years supervised release; restitution of $118,394.72; and a special assessment of $500 (Ct. Rec. 153).

Mr. Ratigan appealed his conviction to the Ninth Circuit Court of Appeals. On May 21, 1999, the Ninth Circuit affirmed Mr. Ratigan's conviction. His Petition for Rehearing was denied on July 7, 1999, and his suggestion for rehearing *en banc* was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari.

Movant filed a 28 U.S.C. § 2255 Motion on November 20, 2000 (Ct. Rec. 219). The Motion was denied by this Court on August 1, 2001 (Ct. Rec. 225). The Court's denial of the Motion was affirmed on appeal. Mandate filed March 22, 2004 (Ct. Rec. 238).

Movant's subsequent request for a writ of mandamus and to file a second or successive 28 U.S.C. § 2255 motion was also denied by the Ninth Circuit. Order filed March 2, 2006 (Ct. Rec. 246). Five months later, on August 14, 2006, Movant filed the instant § 2255 Motion.

**DISCUSSION**

Mr. Ratigan seeks to vacate his conviction and sentence. The Congress has established a mechanism for prisoners in Mr. Ratigan's position to collaterally attack his/her convictions and sentences.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This same statute provides however, that the district court lacks authority to review successive habeas motions filed without authorization from the court of appeals.

ORDER - 2

28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; *Allen*, 158 F.3d at 664.

As previously noted, the Court has already denied Mr. Ratigan's first motion under 28 U.S.C. § 2255 (Ct. Rec. 225) and the Court of Appeals denied authority for this Court to review his second such motion (Ct. Rec. 246). Neither the record nor any evidence submitted by Mr. Ratigan shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.

The Court believes it is in the interest of justice to transfer this case "to any such other court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. The transfer of civil actions among federal courts to cure jurisdictional defects, as described in 28 U.S.C. § 1631, applies to habeas corpus proceedings, and federal courts should consider transfer without motion by the parties. *Cruz-Aguilera v. Immigration & Naturalization Service,* 245 F.3d 1070, 1074 (9th Cir. 2001). The Ninth Circuit has held that the interests of justice normally warrant transfer of a case rather than dismissal. *Baeta v. Sonchik,* 273 F.3d 1261, 1264 (9th Cir. 2001). A transfer also assists litigants who might be confused about the proper forum for review and avoids the "time-consuming and justice-defeating" effect of requiring a case to be filed elsewhere. *Miller v.*

ORDER - 3

Case 2:97-cr-00066-WFN   Document 257   Filed 09/13/06

1  *Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Transferring Mr. Ratigan's Motion would expedite a just result in his case. Accordingly,

**IT IS ORDERED** that:

1. Mr. Ratigan's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed August 14, 2006, **Ct. Rec. 248**, shall be **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

2. Mr. Ratigan's Motion for Appointment of Counsel, filed September 8, 2006, **Ct. Rec. 252**, is **DENIED with a right to renew** if the Ninth Circuit Court of Appeals authorizes the Court to review the underlying § 2255 Motion.

3. The District Court Executive is directed to:

    (a) File this Order;

    (b) Send a copy to Mr. Ratigan and the Government; and

    (c) Forward this file with a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

**DATED** this 13th day of September, 2006.

                             s/ Wm. Fremming Nielsen
                             WM. FREMMING NIELSEN
09-13                     SENIOR UNITED STATES DISTRICT JUDGE