UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NOS. CR-97-0066-WFN-1 |
| Respondent, ) | CV-07-0186-WFN |
| ) | |
| -vs- ) | |
| ) | ORDER |
| BRIAN E. RATIGAN, ) | |
| ) | |
| Movant. ) | |

Before the Court is Movant Brian Ratigan's First Post-Conviction Motion - 2255, filed June 4, 2007 (Ct. Rec. 259). The Court has reviewed the file and the Motion and is fully informed. The Court finds that it is without authority to address the § 2255 Motion and transfers it to the Ninth Circuit Court of Appeals.

## BACKGROUND

Movant was indicted on April 9, 1997 for: Count 1-Conspiracy (18 U.S.C. § 371); Count 2-Destruction of a Planned Parenthood Clinic (18 U.S.C. § 844(i); Count 7-Use and Carrying of a Firearm (Pipe Bomb) in Relation to the Destruction of the Planned Parenthood Clinic on July 12, 1996 (18 U.S.C. § 924(c)(1)); Count 8-Armed Bank Robbery of the US Bank on July 12, 1996 (18 U.S.C. § 2113(a) and (d)); and Count 9-Use and Carrying of a Firearm in Relation to the Bank Robbery (18 U.S.C. § 924(c)(1)) (Ct. Rec. 14).

A jury trial was held September 19, 1997 through September 30, 1997. The jury found the Movant guilty on all counts (Ct. Rec. 135). Movant was sentenced by this Court on December 2, 1997, to 663 months incarceration; five years supervised release; restitution of $118,394.72; and a special assessment of $500 (Ct. Rec. 153).

ORDER - 1

Mr. Ratigan appealed his conviction to the Ninth Circuit Court of Appeals. On May 21, 1999, the Ninth Circuit affirmed Mr. Ratigan's conviction. His Petition for Rehearing was denied on July 7, 1999, and his suggestion for rehearing *en banc* was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari.

Movant filed a 28 U.S.C. § 2255 Motion on November 20, 2000 (Ct. Rec. 219). The Motion was denied by this Court on August 1, 2001 (Ct. Rec. 225). The Court's denial of the Motion was affirmed on appeal. Mandate filed March 22, 2004 (Ct. Rec. 238).

Movant's subsequent request for a writ of mandamus and to file a second or successive 28 U.S.C. § 2255 motion was also denied by the Ninth Circuit. Order filed March 2, 2006 (Ct. Rec. 246).

On August 14, 2006, Movant filed another § 2255 Motion. This Court found that it was without authority to address the Motion and transferred it to the Ninth Circuit Court of Appeals. Order filed 9/13/06, Ct. Rec. 257. The case summary from the Court of Appeals shows that the Ninth Circuit denied Mr. Ratigan's application for leave to file a second or successive petition by order dated May 15, 2007.

As previously noted the instant Motion which Mr. Ratigan captions as a "First" Post-Conviction Motion pursuant to 2255 is actually his fourth request for post-conviction relief.

**DISCUSSION**

Mr. Ratigan seeks an evidentiary hearing to vacate his conviction and sentence pursuant to § 2255.[1] The Congress has established a mechanism for prisoners in Mr.

---

[1] Mr. Ratigan also makes one reference in the body of his Motion to 28 U.S.C. § 2241 and one reference to 42 U.S.C. § 1983. He is clear, however, that the relief he seeks is an evidentiary hearing to "CORRECT THIS UNCONSTITUTIONAL JUDGEMENT AND SENTENCED [sic]". Motion p. 4.

ORDER - 2

Ratigan's position to collaterally attack his/her convictions and sentences.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This same statute provides however, that the district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; *Allen*, 158 F.3d at 664. Neither the record nor any evidence submitted by Mr. Ratigan shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.

This Court has previously advised Mr. Ratigan that it cannot address second or successive 2255 Motions without the approval of the Ninth Circuit. Order filed 9/13/06, Ct. Rec. 257. Mr. Ratigan appears to have ignored the information in the Court Order and the statutory procedures to be followed to obtain the relief he seeks. Last time this Court found that it was in the interest of justice to transfer his request to the Ninth Circuit pursuant to 28 U.S.C. § 1631. The transfer of civil actions among federal courts to cure jurisdictional

ORDER - 3

defects, as described in 28 U.S.C. § 1631, applies to habeas corpus proceedings, and federal courts should consider transfer without motion by the parties. *Cruz-Aguilera v. Immigration & Naturalization Service,* 245 F.3d 1070, 1074 (9th Cir. 2001). The Ninth Circuit has held that the interests of justice normally warrant transfer of a case rather than dismissal. *Baeta v. Sonchik,* 273 F.3d 1261, 1264 (9th Cir. 2001). A transfer also assists litigants who might be confused about the proper forum for review and avoids the "time-consuming and justice-defeating" effect of requiring a case to be filed elsewhere. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). The Court will give Mr. Ratigan the benefit of the doubt one last time and transfer Mr. Ratigan's Motion to the Ninth Circuit. Further transfers of successive petitions may not be warranted as it should be patently clear that the proper forum for requests for successive § 2255 motions is the Ninth Circuit. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A). Accordingly,

**IT IS ORDERED** that:

1. Mr. Ratigan's "First" Post-Conviction Motion - 2255, filed June 4, 2007, **Ct. Rec. 259**, shall be **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

2. The District Court Executive is directed to:
    (a)   File this Order;
    (b)   Send a copy to Mr. Ratigan and the Government; and
    (c)   Forward this file with a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

**DATED** this 7th day of June, 2007.

06-07

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4