1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,        )
                                      )    NO.    CR-97-0066-WFN-1
8                   Plaintiff,        )
                                      )
9        -vs-                         )    ORDER
                                      )
10  BRIAN E. RATIGAN,                 )
                                      )
11                  Defendant.        )
                                      )
12  _____

13       Before the Court is Mr. Ratigan's pro se Motion to Take Judicial Notice of Facts

14  Pursuant to Fed. R. Evid. 201, filed September 29, 2008 (Ct. Rec. 272) and Motion to Alter,

15  Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), filed September 29, 2008

16  (Ct. Rec. 271).  Mr. Ratigan asserts that the Court should reconsider its September 15, 2008

17  Order finding that his Rule 60(b)(4) Motion was procedurally defaulted.  Mr. Ratigan

18  requests the Court to overrule the Ninth Circuit's determination and instead rely on the

19  Court's initial determination that he was not procedurally defaulted.

20       The Court has reviewed file and the Motion and is fully informed.  For the reasons

21  stated below the Motion is denied.

22                          **BACKGROUND**

23       Movant was indicted on April 9, 1997 for: Count 1-Conspiracy (18 U.S.C. § 371);

24  Count 2-Destruction of a Planned Parenthood Clinic (18 U.S.C. § 844(i); Count 7-Use and

25  Carrying of a Firearm (Pipe Bomb) in Relation to the Destruction of the Planned Parenthood

26  Clinic on July 12, 1996 (18 U.S.C. § 924(c)(1)); Count 8-Armed Bank Robbery of the

ORDER - 1

US Bank on July 12, 1996 (18 U.S.C. § 2113(a) and (d)); and Count 9-Use and Carrying of a Firearm in Relation to the Bank Robbery (18 U.S.C. § 924(c)(1)) (Ct. Rec. 14).

A jury trial was held September 19, 1997 through September 30, 1997. The jury found the Movant guilty on all counts (Ct. Rec. 135). Movant was sentenced by this Court on December 2, 1997, to 663 months incarceration; five years supervised release; restitution of $118,394.72; and a special assessment of $500 (Ct. Rec. 153).

Mr. Ratigan appealed his conviction to the Ninth Circuit Court of Appeals. On May 21, 1999, the Ninth Circuit affirmed Mr. Ratigan's conviction. His Petition for Rehearing was denied on July 7, 1999, and his suggestion for rehearing *en banc* was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari.

Movant filed a 28 U.S.C. § 2255 Motion on November 20, 2000 (Ct. Rec. 219). The Motion was denied by this Court on August 1, 2001 (Ct. Rec. 225). The Court's denial of the Motion was affirmed on appeal. *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) ; Mandate filed March 22, 2004 (Ct. Rec. 238). In the Ninth Circuit's opinion, the court held that Mr. Ratigan's claims were procedurally defaulted.

Movant's subsequent request for a writ of mandamus and to file a second or successive 28 U.S.C. § 2255 motion was also denied by the Ninth Circuit. Order filed March 2, 2006 (Ct. Rec. 246).

On August 14, 2006, Movant filed another § 2255 Motion. This Court found that it was without authority to address the Motion and transferred it to the Ninth Circuit Court of Appeals. Order filed 9/13/06, Ct. Rec. 257. The case summary from the Court of Appeals shows that the Ninth Circuit denied Mr. Ratigan's application for leave to file a second or successive petition by order dated May 15, 2007.

On June 4, 2007, Mr. Ratigan filed another Post-Conviction - 2255 (Ct. Rec. 259) which this Court again found it was without authority to address and transferred it to the

Ninth Circuit Court of Appeals.  Order filed 6/7/07 (Ct. Rec. 260).  On July 16, 2007, he also filed a motion pursuant to Federal Rule of Civil Procedure 60(b) (Ct. Rec. 261).  This Court similarly transferred this motion to the Ninth Circuit Court of Appeals.  Order filed 7/31/07, Ct. Rec. 262.  The Circuit denied Mr. Ratigan's application to file a second or successive petition.  Ct. Recs. 263 and 264.

**DISCUSSION**

Mr. Ratigan requests that this Court in effect overrule the Ninth Circuit's determination that his claim was procedurally defaulted.  He asks the Court to rely on its own determination which was overruled by the Ninth Circuit arguing that the Ninth Circuit committed a manifest injustice in its' determination.  Unfortunately, even if the Court agreed with Mr. Ratigan, it cannot overrule the Ninth Circuit's opinion.  Only the Supreme Court or an en banc panel of the Ninth Circuit has that power.  Thus, though the Court recognizes that Mr. Ratigan correctly reads this Court's earlier order finding that he had not procedurally defaulted, this Court lacks the ability to alter the Ninth Circuit's decision.

**CERTIFICATE OF APPEALABILITY**

Although it may not be required, this Court will assume that an appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2008).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604.  A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at

ORDER - 3

the court's procedural holding, are satisfied.  *Id.*   The Court may address either the constitutional or procedural issue first.  *Id.*   Based on the Court's preceding analysis, the Court concludes: (1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue.  Accordingly,

   **IT IS ORDERED** that:

   1.   Mr. Ratigan's pro se Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201, filed on September 29, 2008, **Ct. Rec. 272**, is **GRANTED.**

   2.   Mr. Ratigan's pro se Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), filed September 29, 2008, **Ct. Rec. 271**, **is DENIED.**

   3.   The District Court Executive is directed to:

      (a)   File this Order;

      (b)   Send a copy to Mr. Ratigan and the Government; and

      (c)   Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**.

   **DATED** this 7th day of November, 2008.


                                  s/ Wm. Fremming Nielsen
                              ———————————————————
11-06                         WM. FREMMING NIELSEN
                             SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4