UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-97-0066-WFN-1 |
| Plaintiff, ) | |
| ) | |
| -vs- ) | ORDER |
| ) | |
| BRIAN E. RATIGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Mr. Ratigan's pro se Motion to Take Judicial Notice of Facts Pursuant to Fed. R. Evid. 201, filed December 1, 2008 (Ct. Rec. 279) and Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), filed December 1, 2008 (Ct. Rec. 278). Mr. Ratigan asserts that the Court should reconsider its November 7, 2008 Order (Ct. Rec. 276) which granted his prior Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201 (Ct. Rec. 272) and denied his prior Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e) (Ct. Rec. 271).

**BACKGROUND**

Movant was indicted on April 9, 1997 for: Count 1-Conspiracy (18 U.S.C. § 371); Count 2-Destruction of a Planned Parenthood Clinic (18 U.S.C. § 844(i); Count 7-Use and Carrying of a Firearm (Pipe Bomb) in Relation to the Destruction of the Planned Parenthood Clinic on July 12, 1996 (18 U.S.C. § 924(c)(1)); Count 8-Armed Bank Robbery of the US Bank on July 12, 1996 (18 U.S.C. § 2113(a) and (d)); and Count 9-Use and Carrying of a Firearm in Relation to the Bank Robbery (18 U.S.C. § 924(c)(1)) (Ct. Rec. 14).

ORDER - 1

A jury trial was held September 19, 1997 through September 30, 1997. The jury found the Movant guilty on all counts (Ct. Rec. 135). Movant was sentenced by this Court on December 2, 1997, to 663 months incarceration; five years supervised release; restitution of $118,394.72; and a special assessment of $500 (Ct. Rec. 153).

Mr. Ratigan appealed his conviction to the Ninth Circuit Court of Appeals. On May 21, 1999, the Ninth Circuit affirmed Mr. Ratigan's conviction. His Petition for Rehearing was denied on July 7, 1999, and his suggestion for rehearing *en banc* was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari.

Movant filed a 28 U.S.C. § 2255 Motion on November 20, 2000 (Ct. Rec. 219). The Motion was denied by this Court on August 1, 2001 (Ct. Rec. 225). The Court's denial of the Motion was affirmed on appeal. *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003); Mandate filed March 22, 2004 (Ct. Rec. 238). In the Ninth Circuit's opinion, the court held that Mr. Ratigan's claims were procedurally defaulted.[1]

Movant's subsequent request for a writ of mandamus and to file a second or successive 28 U.S.C. § 2255 motion was also denied by the Ninth Circuit. Order filed March 2, 2006 (Ct. Rec. 246).

On August 14, 2006, Movant filed another § 2255 Motion. This Court found that it was without authority to address the Motion and transferred it to the Ninth Circuit Court of Appeals. Order filed 9/13/06, Ct. Rec. 257. The case summary from the Court of Appeals shows that the Ninth Circuit denied Mr. Ratigan's application for leave to file a second or successive petition by order dated May 15, 2007.

---

[1] This Ninth Circuit decision is asserted by Mr. Ratigan as having denied him his due process rights.

ORDER - 2

1    On June 4, 2007, Mr. Ratigan filed another Post-Conviction - 2255 (Ct. Rec. 259) which this Court again found it was without authority to address and transferred it to the Ninth Circuit Court of Appeals. Order filed 6/7/07 (Ct. Rec. 260). On July 16, 2007, he also filed a motion pursuant to Federal Rule of Civil Procedure 60(b) (Ct. Rec. 261). This Court similarly transferred this motion to the Ninth Circuit Court of Appeals. Order filed 7/31/07, Ct. Rec. 262. The Circuit denied Mr. Ratigan's application to file a second or successive petition. Ct. Recs. 263 and 264.

On August 11, 2008, Mr. Ratigan filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(4). Ct. Rec. 267. He asserted that the denial of his collateral attack (Ct. Rec. 225, filed August 1, 2001) and the Ninth Circuit's affirmation of the denial, was void because he was denied due process, i.e. notice and an opportunity to be heard. The Rule 60(b)(4) Motion was denied by an Order filed September 15, 2008 (Ct. Rec. 270). Mr. Ratigan responded by filing a Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201(Ct. Rec. 272) and a Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e) (Ct. Rec. 271). As noted previously the first of these motions was granted and the second denied by an Order filed November 7, 2008 (Ct. Rec. 276).

**DISCUSSION**

The current pro se Motions before the Court are related the Court's Order of November 7, 2008. The Court has reviewed the file and the Motions and is fully informed. The Court will grant the Motion to Take Judicial Notice of Facts to the extent that the facts are reflected by the prior record in this case. This Court's prior Orders and the Ninth Circuit rulings speak for themselves.

Mr. Ratigan believes that the Ninth Circuit incorrectly found the claims on his collateral attack of his conviction and sentence to be procedurally defaulted. He is seeking to overturn that decision through a variety of procedural avenues. His Motion for Reconsideration cannot achieve his desired outcome. Any relief would lie with the

ORDER - 3

Ninth Circuit or the Supreme Court. Accordingly, the Motion for Reconsideration is denied.

## CERTIFICATE OF APPEALABILITY

Although it may not be required, this Court will assume that an appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2008). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis in this case, the Court concludes: (1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Mr. Ratigan's pro se Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201, filed on December 1, 2008, **Ct. Rec. 279**, is **GRANTED** as noted above.

2. Mr. Ratigan's pro se Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), filed December 1, 2008, Ct. Rec. 278, **is DENIED.**

3. The District Court Executive is directed to:

ORDER - 4

1  (a) File this Order;
2  (b) Send a copy to Mr. Ratigan and the Government; and
3  (c) Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice
4  of Appeal that a certificate of appealability is **DENIED**.

5  **DATED** this 6th day of January, 2009.

6

7                                                   s/ Wm. Fremming Nielsen
                                                   WM. FREMMING NIELSEN
8  01-05                                 SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5