UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | NO.  CR-97-0066-WFN-1 |
| -vs- | ) | ORDER |
| BRIAN E. RATIGAN, | ) | |
| Defendant. | ) | |

Before the Court are three pro se Motions related to the identified Court Orders:

| Pro Se Motion | Related Court Order |
|---|---|
| Objections with Combined Motions to Vacate the Judgment, to Reconsider Same, and to Strike the Court Order, filed December 17, 2008, Ct. Rec. 280 | Order Denying [Petition for Writ of Extraordinary Relief . . . Pursuant to 28 U.S.C. § 1651, Ct. Rec. 275], filed November 25, 2008, Ct. Rec. 277. |
| Motion to Alter, Amend or Reconsider Judgment Pursuant to Federal Rule of Civil Procedure 59(e), filed January 20, 2009, Ct. Rec. 283, **AND** Motion to Take Judicial Notice of Facts Pursuant to Federal Rule of Evidence 201, filed January 20, 2009, Ct. Rec. 284. | Order Granting [Motion to Take Notice of Judicial Facts, Ct. Rec. 279] and Denying [Motion to Alter, Amend, or Reconsider Judgment, Ct. Rec. 278] filed January 6, 2009, Ct. Rec.282. |

ORDER - 1

# BACKGROUND

Movant was indicted on April 9, 1997 for: Count 1-Conspiracy (18 U.S.C. § 371); Count 2-Destruction of a Planned Parenthood Clinic (18 U.S.C. § 844(i); Count 7-Use and Carrying of a Firearm (Pipe Bomb) in Relation to the Destruction of the Planned Parenthood Clinic on July 12, 1996 (18 U.S.C. § 924(c)(1)); Count 8-Armed Bank Robbery of the US Bank on July 12, 1996 (18 U.S.C. § 2113(a) and (d)); and Count 9-Use and Carrying of a Firearm in Relation to the Bank Robbery (18 U.S.C. § 924(c)(1)) (Ct. Rec. 14).

A jury trial was held September 19, 1997 through September 30, 1997. The jury found the Movant guilty on all counts (Ct. Rec. 135). Movant was sentenced by this Court on December 2, 1997, to 663 months incarceration; five years supervised release; restitution of $118,394.72; and a special assessment of $500 (Ct. Rec. 153).

Mr. Ratigan appealed his conviction to the Ninth Circuit Court of Appeals. On May 21, 1999, the Ninth Circuit affirmed Mr. Ratigan's conviction. His Petition for Rehearing was denied on July 7, 1999, and his suggestion for rehearing *en banc* was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari.

Movant filed a 28 U.S.C. § 2255 Motion on November 20, 2000 (Ct. Rec. 219). The Motion was denied by this Court on August 1, 2001 (Ct. Rec. 225). The Court's denial of the Motion was affirmed on appeal. *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003); Mandate filed March 22, 2004 (Ct. Rec. 238). In the Ninth Circuit's opinion, the court held that Mr. Ratigan's claims were procedurally defaulted.[1]

---

[1]This Ninth Circuit decision is asserted by Mr. Ratigan as having denied him his due process rights.

ORDER - 2

Movant's subsequent request for a writ of mandamus and to file a second or successive 28 U.S.C. § 2255 motion was also denied by the Ninth Circuit. Order filed March 2, 2006 (Ct. Rec. 246).

On August 14, 2006, Movant filed another § 2255 Motion. This Court found that it was without authority to address the Motion and transferred it to the Ninth Circuit Court of Appeals. Order filed 9/13/06, Ct. Rec. 257. The case summary from the Court of Appeals shows that the Ninth Circuit denied Mr. Ratigan's application for leave to file a second or successive petition by order dated May 15, 2007.

On June 4, 2007, Mr. Ratigan filed another Post-Conviction - 2255 (Ct. Rec. 259) which this Court again found it was without authority to address and transferred it to the Ninth Circuit Court of Appeals. Order filed 6/7/07 (Ct. Rec. 260). On July 16, 2007, he also filed a motion pursuant to Federal Rule of Civil Procedure 60(b) (Ct. Rec. 261). This Court similarly transferred this motion to the Ninth Circuit Court of Appeals. Order filed 7/31/07, Ct. Rec. 262. The Circuit denied Mr. Ratigan's application to file a second or successive petition. Ct. Recs. 263 and 264.

On August 11, 2008, Mr. Ratigan filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(4). Ct. Rec. 267. He asserted that the denial of his collateral attack (Ct. Rec. 225, filed August 1, 2001) and the Ninth Circuit's affirmation of the denial, was void because he was denied due process, i.e. notice and an opportunity to be heard. The Rule 60(b)(4) Motion was denied by an Order filed September 15, 2008 (Ct. Rec. 270). Mr. Ratigan responded by filing a Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201(Ct. Rec. 272) and a Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e) (Ct. Rec. 271). Mr. Ratigan wanted this Court to overrule the Ninth Circuit's determination that his claim, related to the FDIC element of the bank robbery charge, was procedurally defaulted. The Motion to Alter or Amend was denied by an Order filed November 7, 2008 (Ct.

ORDER - 3

Rec. 276). The Court advised Mr. Ratigan that it could not alter the Ninth Circuit's decision.

On December 1, 2008 he again filed Motions to take Judicial Notice, and to Alter or Amend (Ct. Recs. 279 and 278 respectively) the Court's Order of November 7, 2008 (Ct. Rec. 276) which advised that the Court could not alter the Ninth Circuit's decision regarding the procedural default. The Motions were resolved by an Order filed January 6, 2009 (Ct. Rec. 282) with the Motion to Amend being denied. The Court suggested that his relief, if any, would lie with a higher Court. **Two of his pending motions (Ct. Recs. 283 and 284) request the Court to take Judicial Notice and to Alter or Reconsider that Court Order of January 6, 2009 (Ct. Rec. 282).**

On October 20, 2008 he filed a Petition for Writ of Extraordinary Relief .. Pursuant to 28 U.S.C. § 1651, Ct. Rec. 275. Mr. Ratigan requested relief from the enforcement action to collect restitution. He asserted *inter alia* that the Government sold real property to satisfy his restitution obligation but the property did not belong to him but to his children. By Order filed November 25, 2008 (Ct. Rec. 277) the Court denied the petition and suggested that his children might raise the matter of the sale of real property in a civil context. **One of his pending motions (Ct. Rec. 280) requests that the Court vacate, reconsider or strike that Court Order (Ct. Rec. 277)**.

## DISCUSSION

The pattern that has developed over the past several years is continuing. Mr. Ratigan raises an issue, the Court resolves it based on the record before it and Mr. Ratigan responds by a request to strike or amend or reconsider the Court's resolution of the issue. Mr. Ratigan is not receiving the outcomes he desires and he is quite sure that, as he recently said the "court did it wrong." (Ct. Rec. 283, p. 3, l. 1). While motions to reconsider are provided for by the Federal Rules of Civil Procedure, the rule does not contemplate the repeated use of the rule related to the same underlying issue. In the federal court system litigants may appeal

the final orders of district courts to appellate courts.  If the district court "did it wrong" the appellate court will so advise the parties and the court.

The Court has reviewed the two Orders (Ct. Rec. 277 and 282).  The Court finds no reason to alter, amend, vacate, strike or reconsider the Orders.  Accordingly, the Motions requesting such relief are denied. The Court will grant the Motion to Take Judicial Notice of Facts to the extent that the facts are reflected by the prior record in this case.

The Court would also note that Mr. Ratigan's representation that interest is accruing on his restitution is not accurate.  The Court entered an Order Waiving Interest on Restitution, filed October 6, 2008, Ct. Rec. 273.

## CERTIFICATE OF APPEALABILITY

Although it may not be required, this Court will assume that an appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2008).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604.  A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.*  The Court may address either the constitutional or procedural issue first. *Id.*  Based on the Court's preceding analysis in this case, the Court concludes: (1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the

ORDER - 5

Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Mr. Ratigan's pro se Motion to Take Notice of Facts Pursuant to Fed. R. Evid. 201, filed on January 20, 2009, **Ct. Rec. 284**, is **GRANTED** as noted above.

2. Mr. Ratigan's pro se Motion to Alter, Amend, or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), filed January 20, 2009, **Ct. Rec. 283**, and the Objections with Combined Motions to Vacate the Judgment, to Reconsider Same, and to Strike the Court Order, filed December 17, 2008, **Ct. Rec. 280**, are **DENIED.**

3. The District Court Executive is directed to:

    (a)    File this Order;

    (b)    Send a copy to Mr. Ratigan and the Government; and

    (c)    Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**.

**DATED** this 6th day of April, 2009.

04-06

                                     s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN
               SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6