FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN RATIGAN,<br><br>                Movant,<br><br>  -vs-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No.   2:97-CR-0066-WFN-1<br><br>ORDER GRANTING § 2255 MOTION IN PART |

Before the Court is Mr. Ratigan's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 310, Attachment 1.

**BACKGROUND**

Mr. Ratigan was indicted for Conspiracy in Count 1S; Destruction of Building used in Interstate Commerce by Arson in Count 6S, Use of a Firearm during destruction of a building in Count 7S, Armed Bank Robbery in Count 8S, and Use of a Firearm during an Armed Bank Robbery in Count 9S. A jury found Mr. Ratigan guilty on all counts.

The Court sentenced Mr. Ratigan to a total term of 663 months. The sentences were broken down by count. The Court imposed five years for Count 1S and 63 months for Counts 6S and 8S, all to run concurrently. The Court imposed 30 years on Count 7S and 20 years for Count 9S. Sentences for Counts 7S and 9S each run consecutively.

Mr. Ratigan timely appealed the judgment, and on March 3, 2000, the Ninth Circuit issued a Mandate affirming this Court. ECF No. 218. The Ninth Circuit granted Mr. Ratigan's application for authorization to file second or successive 28 U.S.C. § 2255.

ORDER ON § 2255 MOTION - 1

ECF No. 314. The Government acknowledges that the successive § 2255 is timely and that the Court should reach the merits of Mr. Ratigan's claims.

## DISCUSSION

Mr. Ratigan challenges his convictions for use of a firearm during a crime of violence, Counts 7S and 9S. The Government concedes that the § 924(c) conviction predicated on 18 U.S.C. § 844(i) should be vacated as Destruction of a Building does not qualify as a crime of violence. Accordingly, convictions for Count 7S is vacated. Count 9S is predicated on Armed Bank Robbery. Mr. Ratigan argues that Armed Bank Robbery does not meet the force requirements to qualify as a crime of violence. The Government disagrees, citing the Ninth Circuit case *United States v. Watson*, which held that Armed Bank Robbery qualifies as a crime of violence for the purposes of § 924(c). 881 F.3d 782 (9th Cir. 2018). Mr. Ratigan asks that the Court find that *Stokeling v. United States*, effectively overruled the reasoning in *Watson*. The Court declines Mr. Ratigan's invitation for the reasons explained below.

A person commits Bank Robbery when "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another. . . any property or money . . . in the custody . . . of any bank. . . ." 18 U.S.C. § 2113(a). If "in committing, or in attempting to commit, any offense defined in subsection (a) . . . of this section" a person "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" the person has committed Armed Bank Robbery. Defendant questions whether the quantum of force required to convict a person of Armed Bank Robbery qualifies as "physical force" for the purposes of the elements clause of 18 U.S.C. § 924(c). To satisfy the elements clause, a "violent felony" must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(c)(i).

In *Watson*, the Ninth Circuit determined that Armed Bank Robbery under § 2113 (a) and (d) requires "violent physical force" as well as meeting the *mens rea* requirements necessary to "qualif[y] as a crime of violence under § 924(c). . . ." *Watson,* 881 F.3d at 786. The Ninth Circuit specifically addressed the quantum of force required for "intimidation"

ORDER ON § 2255 MOTION - 2

finding that even post-*Johnson* "intimidation" requires sufficient force to qualify as a crime of violence. *Id* at 785. See also *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017) ("We, too, have held that 'intimidation' as used in the federal bank robbery statute requires that a person take property in such a way that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threatened use of physical force. As a result, in our court, too, federal bank robbery constitutes a crime of violence. We have not addressed in a published decision whether *Selfa*'s holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury." (*internal citations omitted*))

Mr. Ratigan argues that *Stokeling v. United States* effectively overruled the Ninth Circuit's ruling in *Watson* because in *Stokeling* the Supreme Court required more force than "intimidation" to satisfy the elements clause. The Court disagrees with Mr. Ratigan's reasoning. In *Stokeling*, the Supreme Court noted that "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence under the new elements clause." *Stokeling v. United States*, 139 S. Ct. 544, 551 (2019). The federal robbery statute, like the bank robbery statute, can be violated "by force and violence, or by intimidation." 18 U.S.C. § 2111. The Supreme Court concluded that "it would be anomalous to read 'force' as *excluding* the quintessential ACCA- predicate crime of robbery, despite the amendment's retention of the term 'force' and its stated intent to expand the number of qualifying offenses." *Stokeling*, 139 S. Ct. at 551 (emphasis original). Mr. Ratigan, however, asks this Court to do just that, interpret the Federal statute for robbery in such a way as to exclude it from the elements clause of § 924(c). The Court declines to do so, and instead adopts the Ninth Circuit's conclusion that "intimidation" requires a sufficient amount of force to satisfy the elements clause of § 924(c).

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

ORDER ON § 2255 MOTION - 3

1. Mr. Ratigan's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed May 20, 2016., **ECF No. 310 Attachment 1**, is **GRANTED IN PART**.

2. Conviction for Count 7S is **VACATED**. All other convictions stand.

3. Count 7S shall be dismissed unless the Government shows cause why it should not in a filing submitted no later than **November 8, 2019.**

4. The parties shall file simultaneous briefing to address resentencing procedures no later than **November 22, 2019**. The parties shall address if resentencing is required, and if so, on which counts, and any other procedural issues that the parties would like the Court to consider.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 28th day of October, 2019.

10-10-19

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 4